IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY GRIER, # M-27338,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 13-cv-1141-MJR |
| | ) |
| **MEDICAL DIRECTOR,** | ) |
| **C/O DAVIS, LANG,** | ) |
| **MAJOR ZIEGLER, SGT. PELKER,** | ) |
| **and UNKNOWN PARTY (Placement** | ) |
| **Officer),** | ) |
| | ) |
| **Defendants.** | ) |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving two five-year sentences for aggravated domestic battery. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical condition by refusing to accommodate his need to be placed in a lower bunk, and for subjecting him to excessively cold conditions in his cell.

More specifically, Plaintiff claims that before he was transferred to Menard, he had been issued several medical special needs permits by doctors in his previous prisons within the Illinois Department of Corrections ("IDOC"). He attaches copies of these documents, which show that while at Logan Correctional Center, he was issued a one-year low bunk/low gallery permit in September 2012 and a one-year slow walk permit in December 2012 (Doc. 1, pp. 10, 14). On March 23, 2013, after Plaintiff was moved to Lincoln Correctional Center, he was issued a slow walk and bottom bunk permit marked "indefinite" (Doc. 1, p. 12). Soon thereafter,

he was transferred to Big Muddy Correctional Center, where he was issued a permanent slow walk/low bunk permit for "chronic health issues," on May 22, 2013 (Doc. 1, p. 13). He asserts that these permits are on file with his medical records, and are in the possession of the Defendant Medical Director, Defendant Placement Officer, and Defendant Ziegler (Doc. 1, p. 7). However, they have not been honored or re-issued by Menard officials.

Plaintiff was transferred to Menard on September 26, 2013, and was housed in a two-man cell where his cellmate already occupied the lower bunk (Doc. 1, p. 5). Plaintiff told Defendant Davis (the gallery officer) about his medical permits, and the fact that his medical condition makes him physically unable to climb into the top bunk. Defendant Davis ordered Plaintiff to sleep on the floor until he could get a permit from the doctor at Menard.

Plaintiff immediately submitted requests to the Defendant Medical Director and to Defendant Lang (medical staff), asking to be seen by a physician. Plaintiff repeated this request to Defendant Lang several times in person (Doc. 1, p. 4). He also requested Defendants Major Pelker, Sgt. Ziegler, and the Unknown Party Placement Officer to move him to a low bunk or a single cell. After three nights of sleeping on the floor, on September 30, 2013, Plaintiff filed two emergency grievances to Warden Harrington over his housing predicament and the "denial of medical treatment" (Doc. 1, p. 6).

Plaintiff told Defendant Davis several more times that he needed to see medical staff and be moved to a low bunk. Defendant Davis responded with verbal threats. As of the time he filed the complaint, Plaintiff had been sleeping/living on the floor for five weeks. He claims this has caused him to become sick and to suffer muscle cramps, headaches, and mental anguish. He has never been scheduled to be seen by medical staff throughout this time, and has not received any response to his grievances.

In addition, the windows are left open in his cell area, and an industrial fan is left on around the clock. As a result, the temperature in Plaintiff's cell drops to 35 degrees overnight. Plaintiff has asked Defendant Davis to close the windows and turn off the fan, because it was making him cold and sick. Defendant Davis responded, "Good," and walked away (Doc. 1, p. 7).

Plaintiff has filed a separate motion for injunction (Doc. 2), requesting a hearing on his prayer for injunctive relief. He seeks an order providing him with a bed, unspecified medical treatment, and cleaning materials for his cell. He also requests compensatory and punitive damages (Doc. 1, p. 8).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Davis, Lang, Pelker, Ziegler, and the Unknown Parties (Menard Medical Director and Placement Officer) for deliberate indifference to his medical need for placement in a lower bunk **(Count 1)**. Further, his Eighth Amendment claim against Defendant Davis for housing Plaintiff in excessively cold conditions **(Count 2)** shall receive further review.

However, to the extent that Plaintiff seeks to hold any Defendant(s) liable for denying him medical treatment for any complaints other than the request for renewal of his medical permits, the current pleading does not support such a claim. Plaintiff never explains the nature of his medical condition, other than the fact it prevents him from climbing, and he never

says that he sought medical treatment for any problems or symptoms other than the renewal of his low bunk permit. Accordingly, his deliberate indifference claim in Count 1 is limited to the low bunk permit matter.

**Pending Motions**

Plaintiff's motion for injunction (Doc. 2) shall be referred to a United States Magistrate Judge for further consideration, with a hearing to be scheduled as promptly as practicable.

**Disposition**

The Clerk of Court shall prepare for Defendants **MEDICAL DIRECTOR of MENARD CORRECTIONAL CENTER, DAVIS, LANG, ZIEGLER,** and **PELKER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown Party Defendant Placement Officer until such time as Plaintiff has identified this person by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address

provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C.

§ 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 5, 2013**

s/ MICHAEL J. REAGAN
United States District Judge