IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BOBBY GRIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-cv-1141-MJR-DGW |
| | ) | |
| MEDICAL DIRECTOR , et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion Regarding Placement Officer's Name (Doc. 26) filed by Plaintiff, Bobby Grier, on December 11, 2013, the Motion for Recruitment of Counsel/Motion for Protective Order (Doc. 42) filed by Plaintiff on December 20, 2013, the Motion for Recruitment of Counsel (Doc. 44) filed by Plaintiff on December 27, 2013, and Motion for Protective Order filed by Plaintiff on December 27, 2013.   For the reasons stated below, the motions are **DENIED**.

**Motion for Recruitment of Counsel (Doc. 44)**

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter.  *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff

appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-22 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").   In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-56.

Plaintiff has met his initial burden of attempting to secure private counsel.    In his motion, Plaintiff states that he has written numerous letters to attorneys requesting representation.   The letters garnered only one response from an attorney, which Plaintiff has attached, declining to represent.   Thus, Plaintiff has made reasonable, albeit unsuccessful, attempts to secure counsel.

The Court nonetheless finds that Plaintiff is competent to advance this uncomplicated matter.   The Complaint in this matter appears to be written and attested to by the Plaintiff himself. He is capable of reading, writing, and understanding the English language.   Plaintiff has indicated that he has received his G.E.D.   Plaintiff's complaint is clearly stated.   While Plaintiff's claim is colorable, it is not complex and he will be capable of investigating crucial facts.   Further, this Court observed Plaintiff at his hearing on his motion for preliminary injunction and he appeared to be competent to prosecute this matter.

**Motion Regarding Placement of Officer's Name (Doc. 26)**

In his motion, Plaintiffs seeks to identify Defendant Number 5, a placement officer at Menard Correctional Center.   Defendants are **DIRECTED** to identify the placement officer by January 28, 2014.   If Defendants are unable to identify the placement officer for any reason, they are **ORDERED** to notify this Court by said date.

**Motion for Protective Order (Doc. 42)**

In his motion, Plaintiff seeks a protective order as he has been "verbally threatened with bodily harm and also threatened that if I don't drop this suit that my food trays will be taken away." Plaintiff contends that he can only sleep two to three hours per night because he is afraid that officers are going to retaliate against him.   Plaintiff asks this Court to intervene and to send someone to Menard Correctional Center's Health Department at least once a month to ensure that things get done.   Those issues are not before the Court, and the Court does not have the authority to provide the remedy that Plaintiff seeks.   As such, Plaintiff's motion is **DENIED**.

**CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Recruitment of Counsel/Motion for Protective Order is **DENIED**.   Defendants are **DIRECTED** to identify the placement officer by January 28, 2014.

**IT IS SO ORDERED.**

**DATED:** January 13, 2014

**DONALD G. WILKERSON**
**United States Magistrate Judge**