IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY GRIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-cv-1141-MJR-DGW |
| ) | |
| MEDICAL DIRECTOR, C/O DAVIS, LANG, ) | |
| MAJOR ZIEGLER, SGT PELKER, ) | |
| UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction (Doc. 45) filed by Plaintiff, Bobby Grier, on December 12, 2013. A hearing on the motion was held before the undersigned on January 30, 2014. For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**.

## FINDINGS OF FACT

Plaintiff, Bobby Grier, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs by refusing to accommodate his need to be placed in a lower bunk, and for subjecting him to excessively cold conditions in his cell. More specifically, Plaintiff claims that before he was transferred to Menard, he had been issued several medical special needs permits by doctors in his previous prisons within the Illinois Department of Corrections ("IDOC").

In his letter to the Court that has been docketed as a Motion for Preliminary Injunction (Doc. 45), Plaintiff claims that Menard counselors and the clinical services supervisor have failed to respond to his request slips or grievances. Plaintiff seeks an injunction to force a response. Plaintiff contends that without a counselor's response, he is unable to buy books because his is without an Offender Authorization for Payment Slip. Plaintiff further contends that one of his counselors is the warden's wife which creates a conflict of interest.

On January 30, 2014, this Court held a hearing on Plaintiff's motion for preliminary injunction. Plaintiff appeared *pro se* and Defendants appeared by counsel. Plaintiff testified that he wanted to be treated fairly and for his grievances to be answered—one filed on September 28, 2013 and another filed on December 20, 2013 regarding his pain. Ms. Harrington, the grievance counselor at the time Plaintiff allegedly submitted his grievances, testified that he submitted a grievance on December 2, 2013 regarding his medical permit that was deemed non-emergency by the warden and returned to him on December 3, 2013. Ms. Harrington further testified that she was married to the warden but that her marriage would not compel her to ignore Plaintiff's grievances.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

      1. a reasonable likelihood of success on the merits;
      2. no adequate remedy at law; and
      3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a temporary restraining order would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

      Plaintiff has not met his burden to show that he is entitled to injunctive relief. Ms. Harrington testified that she did not receive a grievance regarding Plaintiff's pain on December 20, 2013 as he alleges. However, Ms. Harrington testified that she did receive a kite from Plaintiff on that date regarding unsanitary living conditions. At any rate, Plaintiff's has not shown that he will suffer irreparable harm absent a preliminary injunction. Plaintiff's complaint of unanswered grievances does not warrant the extraordinary and drastic remedy of a preliminary injunction. As such, Plaintiff's Motion for Preliminary Injunction should be **DENIED**.

## RECOMMENDATIONS

      For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 45) be **DENIED**, and that the Court adopt the foregoing findings of

fact and conclusions of law for purposes of the instant motion.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: April 8, 2014**

                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**