IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY GRIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MEDICAL DIRECTOR, C/O DAVIS, LANG, )<br>MAJOR ZIEGLER, SGT PELKER, )<br>UNKNOWN PARTY, )<br>)<br>Defendants. ) | Case No. 13-cv-1141-MJR-DGW |

# REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction (Doc. 61) filed by Plaintiff, Bobby Grier, on March 11, 2013. A hearing on the motion was held before the undersigned on April 15, 2014. For the reasons set forth below, it is **RECOMMENDED** that the motion be **DENIED**.

## FINDINGS OF FACT

Plaintiff, Bobby Grier, currently incarcerated at Menard Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants have been deliberately indifferent to his serious medical needs by refusing to accommodate his need to be placed in a lower bunk, and for subjecting him to excessively cold conditions in his cell. More specifically, Plaintiff claims that before he was transferred to Menard, he had been issued several medical special needs permits by doctors within the Illinois Department of Corrections ("IDOC").

This pending motion constitutes Plaintiff's third motion for preliminary injunction. In his letter to the Court that has been docketed as a Motion for Preliminary Injunction (Doc. 61), Plaintiff claims that the Medical Director at Menard has denied him medical treatment by not providing him with follow up appointments for his back pain. Plaintiff also contends that the Medical Director has refused to renew his low bunk and slow walk permits that expired on March 2, 2014.

On April 15, 2014, this Court held a hearing on Plaintiff's motion for preliminary injunction. Plaintiff appeared *pro se* and Defendants appeared by counsel.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and
    3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of

an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a temporary restraining order would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Plaintiff has not met his burden to show that he is entitled to injunctive relief. Dr. John Trost, a medical doctor at Menard, testified at the hearing that the Plaintiff's medical records are devoid of any requests to see a doctor regarding his back pain. Plaintiff concedes that he did not follow the proper procedures to be seen by a doctor, but he argues that he relied on a nurse's statement that she would refer him to a physician. Between December 2, 2013, the date a nurse told him she would refer him to doctor, and April 15, 2014, the date of the hearing, Plaintiff did not submit a request to see a doctor.

With respect to his low bunk and slow walk permits, Plaintiff testified that although his low bunk permit had expired, he remained in a low bunk. Plaintiff, however, is not allowed to slow walk. When questioned regarding the steps he has taken to renew his permits, Plaintiff again testified that he had not submitted any requests regarding the renewal of his permits since they expired. Dr. Trost testified that there is a procedure in place to renew permits and there is no record that Plaintiff followed the procedure which requires submitting a "sick call" to see a nurse. It is clear that Plaintiff's complaints do not warrant the extraordinary and drastic remedy of a preliminary injunction. Plaintiff has not shown that he will suffer irreparable harm absent an injunction. As such, Plaintiff's Motion for Preliminary Injunction should be **DENIED**.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 61) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law for purposes of the instant motion.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:** May 9, 2014

**DONALD G. WILKERSON**
**United States Magistrate Judge**