IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BOBBY GRIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-CV- 1141-MJR-DGW |
| | ) |
| MEDICAL DIRECTOR, C/O DAVIS, | ) |
| LANG, MAJOR ZIEGLER, SGT PELKER, | ) |
| UNKNOWN PARTY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## ORDER ADOPTING REPORT AND RECOMMENDATION

REAGAN, District Judge:

Plaintiff Bobby Grier, currently incarcerated at Menard Correctional Center, alleges that the above-mentioned defendants were deliberately indifferent to his serious medical needs when they refused to accommodate his need to be placed in a lower bunk and for subjecting him to excessively cold conditions in his cell (*See* Doc. 1). Plaintiff claims that before he was transferred to Menard, he had been issued several medical special needs permits by doctors in his previous prisons within the Illinois Department of Corrections ("IDOC"). In his letter to the Court that has been docketed as a Motion for Preliminary Injunction (Doc. 45), Plaintiff claims that Menard counselors and the clinical services supervisor have failed to respond to his request slips or grievances.

Plaintiff seeks an injunction to force a response. Plaintiff also contends that without a counselor's response, he is unable to buy books. He further contends that one of his counselors is the warden's wife which creates a conflict of interest.

On January 30, 2014, Magistrate Judge Donald Wilkerson held a hearing on Plaintiff's motion for preliminary injunction and issued a Report and Recommendation on April 8, 2014 (Doc. 75). The Report & Recommendation gave the parties until April 25, 2014 to file an objection. No objections have been filed.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. **28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b);** *Harper v. City of Chicago Heights*, **824 F. Supp. 786, 788 (N.D. Ill. 1993);** *see also Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, **824 F. Supp. at 788**. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id., quoting* **12 Charles Alan Wright et al.,** *Federal Practice and Procedure* **§ 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)**.

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), the Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, **474 U.S. 140 (1985)**. While a *de novo* review is not required here, the Court has considered the record

and Magistrate Judge Wilkerson's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.  At the hearing on the matter, the counselor, Ms. Harrington, testified that she did not receive a grievance regarding Plaintiff's pain on December 20, 2013 as he alleges.  She also testified that she was married to the warden at the time Plaintiff filed his grievance but that would not compel her to ignore Plaintiff's grievances.  The Court agrees that Plaintiff's complaint of unanswered grievances does not warrant the extraordinary and drastic remedy of a preliminary injunction.  Thus, the Court agrees with Magistrate Judge Wilkerson that the motion should be denied.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 75) and **DENIES** Plaintiff's Motion for Preliminary Injunction (Doc. 45).

IT IS SO ORDERED.

DATED:   May 9, 2014

                                             s/Michael J. Reagan_____
                                             MICHAEL J. REAGAN
                                             United States District Judge