## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BOBBY GRIER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No.** 13**-CV-1141 -NJR-DGW** |
| ) | |
| **MEDICAL DIRECTOR, C/O DAVIS,** ) | |
| **LANG, MAJOR ZIEGLER, SGT.** ) | |
| **PELKER, and UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 128), which recommends that this Court grants the Motion for Summary Judgment filed by Defendant Medical Directors, John Trost, M.D. and Robert Shearing, M.D., based on exhaustion (Doc. 88) and the Motion for Summary Judgment filed by Defendants Ryan Davis, Aimee Lang, Roger Pelker, and Jay Ziegler (Doc. 93). The Report and Recommendation was entered on February 18, 2015. No objections have been filed.

Plaintiff Bobby Grier filed this action on November 4, 2013, alleging that Defendants were deliberately indifferent to his serious medical condition by refusing to accommodate his need to be placed in a lower bunk, and for subjecting him to excessively cold conditions in his cell while he was incarcerated at Menard Correctional

Page 1 of 5

Center.   The following claims survived threshold review: (1) Plaintiff's deliberate indifference claim against Defendants Davis, Lang, Pelker, Ziegler, Menard Medical Director, and an unknown placement officer for disregarding Plaintiff's medical need for placement in a lower bunk; and (2) Plaintiff's Eighth Amendment claim against Defendant Davis for housing Plaintiff in excessively cold conditions (*See* Doc. 13).

On August 8, 2014, Defendant Medical Directors filed a Motion for Summary Judgment on the basis that Plaintiff failed to exhaust his administrative remedies before bringing suit (Doc. 88).   Defendant relied on Menard's Grievance Logs and Emergency Grievance Logs to assert that Plaintiff did not file any grievances related to the events at issue in this lawsuit prior to filing suit on November 4, 2013.

On August 22, 2014, Defendants Davis, Lang, Pelker, and Ziegler also filed a Motion for Summary Judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to filing suit against them (Doc. 93).   Based on a review of the grievance records from Menard and the Administrative Review Board, Defendants asserted that Plaintiff did not complete the grievance process prior to filing suit against them.   Specifically, Defendants asserted that the first record of a grievance filed by Plaintiff at Menard was an emergency grievance dated November 26, 2013 – several weeks *after* Plaintiff filed this lawsuit.

Plaintiff filed a response to Defendants Davis, Lang, Pelker, and Ziegler's Motion on September 23, 2014, (Doc. 100) and filed a response to Defendant Medical Director's Motion (Doc. 102) on September 25, 2014.   In both responses, Plaintiff asserted that he filed emergency grievances on September 20th and October 1, 2013, complaining about

the denial of a low bunk and slow walk permit.  Plaintiff further averred that the grievances contained the names of each of the Defendants and complained of the events giving rise to this lawsuit.

As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on December 16, 2014. Following the *Pavey* hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 128). The Report and Recommendation accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation.  28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).  The Court may accept, reject or modify the magistrate judge's recommended decision.  *Harper*, 824 F. Supp. at 788.  In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140

(1985).  While a *de novo* review is not required here, the Court has considered the evidence and fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

Based upon the evidence before the Court, Magistrate Judge Wilkerson found that Plaintiff failed to exhaust his administrative remedies.  Magistrate Judge Wilkerson found that Plaintiff was not credible in his assertion that he submitted emergency grievances prior to filing this lawsuit.  At *Pavey* hearings, a court is permitted to make findings of fact and credibility assessments of witnesses.  *See Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011).  Magistrate judges are in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements."  *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995).  Here, Judge Wilkerson assessed the credibility of Plaintiff's statements and found them lacking.  It is not the Court's business at this juncture to second-guess Magistrate Judge Wilkerson's credibility determinations.  *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 128). The Court **GRANTS** the Motion for Summary Judgment filed by Defendant Medical Directors (Doc. 88) and **GRANTS** the Motion for Summary Judgment filed by Defendants Davis, Lang, Pelker, and Ziegler (Doc. 93).  Plaintiff's

claims against Defendants Medical Directors, Davis, Lang, Pelker, and Ziegler are **DISMISSED without prejudice**.  The Clerk of Court is **DIRECTED** to close this case on the Court's docket.

       **IT IS SO ORDERED.**

       **DATED:  March 20, 2015.**

                               **/s/ Nancy J. Rosenstengel**
                               **NANCY J. ROSENSTENGEL**
                               **United States District Judge**